**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

| | |
|---|---|
| IN RE:<br><br>KENDALL KEITH RICHARDS and ANGELA LEIGH RICHARDS d/b/a Sundowner Used Auto Sales,<br><br>Debtors. | CASE NO. 4:09-bk-40337<br><br>CHAPTER 11<br><br>JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER**

Pending is the motion to dismiss filed by the United States Trustee ("Trustee"), Judy A. Robbins, on March 30, 2017 [Dckt. 231].

On April 19, 2017, the Debtors, Kendall Keith Richards and Angela Leigh Richards (collectively, the "Richards") responded to the Trustee's motion [Dckt. 235]. On May 10, 2017, the Richards submitted a memorandum discussing why certain transfers of money should not be deemed disbursements in the calculation of quarterly fees collected by the Trustee [Dckt. 247]. On May 15, 2017, the Trustee responded to the Richards' memorandum [Dckt. 250].

The matter is ready for adjudication. The Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

Kendall Keith Richards operates rental property and a used car business known as Sundowner Used Auto Sales ("Sundowner"). (Dckt. 250 at 2). On November 16, 2009, the Richards filed a voluntary Chapter 11 petition (Dckt. 1). On March, 8, 2011, the Court entered an order confirming a Plan of Reorganization for the Richards. (Dckt. 247 at 1). Mr. Richards attempted to sell one of the rental properties post-petition and a dispute arose over payments made

to JP Morgan Chase Bank ("Bank"). (*Id.*) On September 3, 2014, the Richards moved to reopen the case in order to file an adversary proceeding against the Bank. (Dckt. 231 at 1). The Court reopened the case on September 14, 2014. (Dckt. 183). After reopening the case, the Richards were required to pay quarterly fees pursuant to 28 U.S.C. § 1930(a)(6). (Dckt. 250 at 2). The Richards filed the quarterly disbursement reports, and the Trustee sent a quarterly invoice to the Richards for payment. (*Id.*).

On March 30, 2017, the Trustee moved to dismiss the case. (*Id.*) While the parties were discussing dismissal, the Richards filed an amended quarterly disbursement report that reduced the amount of total disbursements made by Mr. Richards during the reopened period of the case. (*Id.*) The amended quarterly disbursement report reduced the quarterly fee from $42,900 to $32,500. (*Id.* at 2). Mr. Richards states that, under his agreements with NextGear and other title holders, Sundowner Used Auto Sales maintains possession of the vehicles while NextGear and others maintain possession of the titles. (*Id.* at 2).

The Richards assert that the disbursements to NextGear and other title holders should not be considered in calculating quarterly fees. (Dckt. 247 at 4). The Richards note that, under the terms of their agreement with NextGear, they possess only the vehicles and NextGear would possesses the titles thereto. (*Id.*). They contend that inasmuch as they do not have title to the vehicles, those pieces of property should not be deemed part of the estate. (*Id.*). The Richards characterize themselves as merely holding the money from sales in trust until pending transfer to NextGear, meaning they are mere "custodians" of the vehicles. (*Id.* at 3). They urge the Court to conclude that the amount upon which disbursements should be based is the difference between what the customer pays for the vehicle and the amount transferred to NextGear and not the full disbursement to NextGear. (*Id.* at 3-4).

The Trustee disagrees, asserting that the entirety of the disbursements to NextGear should be considered in calculating quarterly fees. (Dckt. 250 at 6). "The Trustee states that the

2

plain language of the statute and its legislative history require payments of quarterly fees regardless of the type of disbursement." (*Id.* at 3). Further, the Trustee notes that if Congress had intended to elaborate on a more precise meaning of the term disbursement, it could easily have done so, as it did in 11 U.S.C. § 326(a). (*Id.* at 4). The Trustee additionally states that the vast majority of cases construe the term disbursement broadly to include all debtor payments. (*Id.*). Finally, the Trustee asserts that the issue of whether the vehicles are property of the estate is irrelevant inasmuch as quarterly fees are based on disbursements. (*Id.* at 6).

## II.

### A. Governing Standard

Disbursements are not defined in 28 U.S.C. § 1930(a)(6) or its legislative history. The Court thus undertakes a plain meaning analysis of the term -- "[A] fundamental canon of statutory construction is that . . . words will be interpreted . . . [according to] their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, (1979). In *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525 (9th Cir. 1994), *amended*, 46 F.3d 969 (9th Cir. 1995), The United States Court of Appeals for the Ninth Circuit concluded that disburse means "to expend . . . pay out." *Id.* at 1534 (citing Webster's Third New International Dictionary 644 (1976)). Other circuits have held that disbursement include all outflows of cash from the bankruptcy estate. *See Robiner v. Danny's Markets, Inc.*, 266 F.3d 523, 526 (6th Cir. 2001); *see also Cash Cow Servs. of Florida LLC*, 296 F.3d 1261, 1263 (11th Cir. 2002). Additionally, Black's Law Dictionary presents two definitions of disbursement, "(1) The act of paying out money, commonly from a fund or in settlement of a debt or account payable. (2) The money so paid; an amount of money given for a particular purpose." DISBURSEMENT, Black's Law Dictionary (10th ed. 2014)

The Court need, however, look no further than this district for an authoritative analysis of the matter. The United States District Court for the Southern District of West Virginia addressed the issue regarding the proper interpretation of disbursements under 28 U.S.C. § 1930(a)(6) in *In re Quality Truck & Diesel Injection Serv., Inc.*, 251 B.R. 682, (S.D.W. Va. 2000). In that decision, Judge Joseph R. Goodwin explained the three different views for the interpretation of disbursements in the context of 28 U.S.C. § 1930(a)(6): narrow, middle, and broad. *Id.* at 686. Judge Goodwin adopted the broad interpretation of the statute, *Id.* at 688, stating several reasons supporting his view. First, he noted the provision was "included in a revenue-generating measure" and its purpose was to aid "the Trustee . . . [in funding his or her] . . .own operations." *Id.* Second, Judge Goodwin concluded that, "'Absent Congressional expression of a contrary intent, it must be assumed Congress desired this same broad interpretation to apply to reorganized debtors.'" *Id.* (quoting *In re P.J. Keating Co., Inc.*, 205 B.R. 663, 666–67 (Bankr. D. Mass.1997). Judge Goodwin summarized the matter with this salient observation: "[T]here is no reason that the term disbursements should be limited by excluding disbursements made in the *ordinary course* of the reorganized debtor's business." *Id.* at 689 (emphasis added).

**B.     Analysis**

The transfers of money from Mr. Richards to NextGear and other title holders of vehicles qualify as disbursements for a variety of reasons. The Court can do no better than the analysis espoused by Judge Goodwin explaining why the term is entitled to the broadest possible scope. It is, accordingly, **ORDERED** that payments made to NextGear and other title holders of the vehicles Mr. Richards sells at Sundowner Used Car Lot be defined as disbursements and included in the calculation of the quarterly fees owed to the United States Trustee. It is further **ORDERED** that the outstanding amount of the fees be remitted to the United States Trustee.

Pending the payment of those fees, the Court **DENIES WITHOUT PREJUDICE** the Trustee's motion to dismiss, with the expectation that in the event the fees are not paid within 30 days, the Trustee will present a renewed motion and proposed dismissal order, without the necessity of a further hearing thereon.

      The Clerk shall transmit a copy of this written opinion and order to the parties and their counsel, if any, and the United States Trustee.